

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-29-2008

# Yansick v. Temple Univ Health

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4226

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Yansick v. Temple Univ Health" (2008). *2008 Decisions*. Paper 312.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/312

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4226

JAMES YANSICK,

Appellant

v.

TEMPLE UNIVERSITY HEALTH SYSTEM;
TEMPLE EAST, INC.; NORTHEASTERN HOSPITAL;
JOHN DOES 1-10, Fictitious Individuals and Entities

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 04-cv-04228)
District Judge: Hon. J. Curtis Joyner

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 21, 2008

BEFORE: SMITH and  COWEN , Circuit Judges
and THOMPSON*, District Judge

(Filed: October 29, 2008)

OPINION

*Honorable Anne E. Thompson, Senior United States District Judge for the District of
New Jersey, sitting by designation.

COWEN, Circuit Judge.

Appellant James Yansick appeals from the order of the United States District Court for the Eastern District of Pennsylvania granting the motion for summary judgment filed by Appellee Temple East, Inc. d/b/a Northeastern Hospital ("Temple East"). We will affirm.

I.

Yansick was hired by Temple East in September 2001 as a full-time respiratory therapist. His employment was governed by a collective bargaining agreement, as well as by the Northeastern Hospital Work Rules ("Work Rules"). The Work Rules provide for a progressive system of discipline to address excessive absenteeism, ranging from general counseling to termination. Pursuant to Work Rule 2(d), fourteen or more "Incidents of Absence" during a single fiscal year will result in the employee's termination. (A53.) Work Rule 2(d) further states that "four (4) or more consecutive days of absence will be counted as four (4) Incidents of Absence." (Id.) On the other hand, excused absences and absences taken as part of approved Family and Medical Leave Act ("FMLA") or workers compensation leave are not counted as Incidents under the Work Rules.

Since the start of his employment, Yansick was absent from work on a number of occasions. Temple East did not treat several of these absences as Incidents for purposes of Work Rule 2(d). However, it ultimately concluded that he incurred seventeen Incidents of Absence over the course of the 2002 fiscal year, which began on July 1,

2

2002. In March 2003, Temple East terminated Yansick for excessive absenteeism

pursuant to Work Rule 2(d).[1]

Yansick then filed the current action in the District Court, alleging that Temple

East violated the FMLA.[2]  Following discovery, Temple East moved for summary

judgment.  The District Court granted the summary judgment motion and dismissed the

complaint.  In a thorough Memorandum, it found that there was no genuine issue of

material fact as to whether Yansick suffered any prejudice on account of Temple East's

alleged interference with his FMLA rights.  The District Court subsequently denied

Yansick's motion for reconsideration.

Yansick then filed a timely notice of appeal.  He also filed a pro se motion with

this Court to seal the entire case, and Temple East then submitted an opposition to his

motion.

II.

The FMLA requires employers to provide unpaid family and medical leave to

employees and prohibits interference with an employee's rights under the Act."[3]  See 29

---

[1]  According to the termination notice, "there is also an issue of unexcused absenteeism that would warrant the same result – termination."  (A497.)  Termination on such grounds is governed by Work Rule 2(a).

[2]  He also named Temple University Health System and John Does 1-10 as defendants.  Any claims against the health system were subsequently dismissed by stipulation.

[3]  The District Court exercised jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and we likewise have appellate jurisdiction under 28 U.S.C. § 1291.  We

3

U.S.C. § 2615(a).  As the District Court noted, an employee like Yansick must show that the employer's alleged interference resulted in prejudice.  See, e.g., Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 142-46 (3d Cir. 2004).  Yansick has cited the Middle District of Tennessee ruling in Brannon v. Oshkosh B'Gosh, Inc., 897 F. Supp. 1028 (M.D. Tenn. 1995), in support of his claim of prejudice.  The District Court here appropriately construed Brannon as finding "that a termination would be invalid if a plaintiff can show that enough of the relevant absences were FMLA-protected that he or she should not have been subject to termination or excluded from reinstatement." (A28.)  It then found that only two Incidents of Absence were arguably covered by the FMLA.  Because there were fifteen other Incidents of Absence and Work Rule 2(d) expressly authorizes termination for fourteen or more Incidents,[4] the District Court ultimately determined that "Plaintiff cannot establish that he was terminated in violation of the FMLA."  (A41.)

The District Court refused to consider in its prejudice analysis whether the other

_____

exercise plenary review over the District Court's summary judgment ruling and apply the same legal standard that the District Court should apply.  See, e.g., Curley v. Klem, 298 F.3d 271, 276 (3d Cir. 2002).  We therefore may affirm an order granting summary judgment if it appears that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  See, e.g., id.

[4] As Temple East points out, the District Court incorrectly stated in its analysis that the Work Rules "provide that employees accumulating fifteen or more absences are subject to termination." (A28.)  It appears uncontested that the actual threshold for termination under Work Rule 2(d) is *fourteen* Incidents.  In fact, the District Court quoted the applicable language of the Work Rule in the factual background section of its memorandum.

4

Incidents of Absence were appropriately counted against Yansick pursuant to Temple East's own policies. On appeal, Yansick argues that the District Court thereby committed reversible error. He claims that his absence on October 7, 2002 should not have been considered an Incident of Absence because his supervisor told him to report to the Northeastern Hospital Industrial Health Center ("IHC") for medical treatment and the supervisor subsequently coded the absence as excused on his attendance report. Yansick further asserts that his consecutive absences on November 20, 2002 and November 21, 2002 should have been considered together as a single Incident of Absence under the language of Work Rule 2(d). After excluding the two absences allegedly covered by the FMLA, Yansick's analysis appears to result in only thirteen Incidents of Absence, one below the threshold for termination. Nevertheless, we must ultimately reject Yansick's theory of prejudice as without merit.

According to the District Court, "the question of whether any or all of the absences at issue should have been 'excused' under any policy or law other than the FMLA is not relevant." (A28 n.23.) On the contrary, "Plaintiff can only recover for violation of the FMLA if he could have taken FMLA leave in lieu of the absences that resulted in his termination." (Id.) Yansick fails to claim on appeal that he "could have taken FMLA leave" on any of the three days mentioned in his brief, and he instead asks this Court to consider whether Temple East properly applied its own Work Rules with respect to absences not covered by the federal statute. However, a federal court generally does not

5

"sit as a super-personnel department that reexamines an entity's business decisions." Brewer v. Quaker State Oil Ref. Co., 72 F.3d 326, 332 (3d Cir. 1995) (quotation omitted). Yansick, in turn, cites no prior judicial decision indicating that a wide-ranging examination of employment practices is generally required by the FMLA. As the District Court recognized, the Brannon decision merely found that the plaintiff satisfied the prejudice prong because of evidence showing that she would not have been terminated under her employer's attendance policy without either of her two FMLA-covered absences. Likewise, Yansick is incorrect to suggest that we somehow addressed the current issue in Conoshenti v. Pub. Service Electric & Gas Co., 364 F.3d 135 (3d Cir. 2004).[5]

We, however, need not resolve any questions of law in order to decide the current appeal. Instead, we find that Yansick's own factual assertions regarding the three absences lack any real support in the record.

With respect to the October 7 absence, the IHC doctor actually cleared Yansick for light duty work, but he then failed to report to work for the remainder of his shift. The

---

[5] In his reply brief, Yansick contends that "the Incidents of Absence relied upon by the Hospital were pretextual, and not properly includable in a termination decision." (Appellant's Reply Br. at 3.) We, however, reject this last-minute contention as waived because it was not raised in his opening brief. See, e.g., Kost v. Kozakiewicz,, 1 F.3d 176, 182 & n.3 (3d Cir. 1993). We further observe that the allegation is not supported by any citation to specific evidence of pretext in the record. On the contrary, Temple East evidently treated an individual who demonstrated an extensive pattern of absenteeism with a great deal of patience and leniency.

6

supervisor likewise indicated in her deposition testimony that she always considered the October 7 absence as unexcused, and she further characterized the notation to the contrary as a simple error on her part. Accordingly, the October 7 absence was included in the first disciplinary report issued in December 2002 on account of Yansick's excessive absenteeism.

Yansick does not dispute that he incurred absences on November 20 and November 21. He does argue that Work Rule 2(d) requires consecutive absences to be counted as a single Incident of Absence. Temple East points out that he never previously raised this contractual theory, either in his disciplinary and grievance proceedings or over the course of the litigation in the District Court. In any case, his argument appears inconsistent with the language of the Work Rule. Work Rule 2(d) provides that "four (4) or more consecutive days of absence will be counted as four (4) Incidents of Absence." (A53.) The passage simply means that the employer will treat *four or more* consecutive absences as *no more* than four Incidents of Absence. For instance, an employee with six consecutive absences will still only have four Incidents counted against him. Given the specific language used, it is incorrect to claim "that two consecutive days are meant to count as a single Incident of Absence." (Appellant's Br. at 19.)

In the end, there is no genuine issue of material fact with respect to whether the October 7, November 20, and November 21 absences were properly considered as three separate Incidents of Absence under Temple East's Work Rule 2(d). Because there were

7

still fifteen Incidents of Absence against Yansick even without counting the absences potentially covered by the FMLA, the District Court properly granted Temple East's summary judgment motion and dismissed the complaint.[6]

III.

For the foregoing reasons, we will affirm the District Court's grant of summary judgment in favor of Temple East.  We also deny Yansick's motion to seal because of his failure to establish "good cause" by "'showing that disclosure will work a clearly defined and serious injury to the party seeking closure.'"  Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994) (quoting Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)).  In particular, his vague and speculative allegations about a prospective employer finding out about his litigation and termination through a web search are insufficient to demonstrate the requisite injury and otherwise fail to show that the balance of relevant interests weigh in favor of confidentiality.  Id. at 787-92.

---

[6] We note that, in addition to challenging the legal and factual merit of Yansick's prejudice argument, Temple East advances additional grounds for rejecting the current appeal.  For instance, it contends that Yansick waived any arguments regarding his October 7, November 20, and November 21 absences by failing to raise them in the District Court.  We, however, need not rely on these additional grounds to dispose of the current appeal.

8